IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-21036
Summary Calendar

_____

HAROLD OGDEN,

Plaintiff-Appellant,

versus

ARROW AUTOMOTIVE INDUSTRIES INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
(H-94-CV-3987)

_____

August 14, 1996
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

Harold Ogden appeals from the district court's grant of

summary judgment for Arrow Automotive Industries Incorporated.

Ogden argues that there were genuine issues of material fact

precluding summary judgment.  We have reviewed the record and the

briefs and affirm the district court's judgment for essentially the

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

same reasons set forth by the district court.[1]

Ogden also appeals from the district court's denial of his postjudgment motion to set aside the summary judgment or alternatively for a new trial; the motion was served and filed well past the Rule 59 deadline. Ogden failed to file a separate notice of appeal from the district court's denial of this motion. Accordingly, we are without jurisdiction to consider this issue. *Williams v. Chater*, ___ F.3d ___, ___ (5th Cir. June 26, 1996, No. 94-20924) 1996 WL 361223 at *2.

AFFIRMED

---

[1]Ogden's brief falsely states that the record shows Arrow represented to TEC that Ogden was let go due to a reduction in force. However, the most the record suggests is that TEC made a determination (which was subject to appeal; whether or not it was appealed is not reflected) that Ogden was let go in a reduction in force; there is no evidence whether Arrow took a position before TEC, much less what that position was. Counsel is cautioned not to misstate the record.

2